UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FERNANDO VERDEJO,

    Plaintiff,

vs.

Case No. 6:15-cv-2015-orl-22 TBS

BERKSHIRE PROPERTY ADVISORS, L.L.C.

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FERNANDO VERDEJO (hereinafter "Plaintiff"), by and through his undersigned counsel, sues the Defendant, BERKSHIRE PROPERTY ADVISORS, LLC, (hereinafter, "Defendant"), and state as follows:

### INTRODUCTION

1. This is an action by Plaintiff against Defendant, his former employer, for unpaid wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff seek all wages due to him under the law, liquidated damages where applicable, and his reasonable attorney's fee and costs.

### JURISDICTION

2. Count I of this action arises under the FLSA, 29 U.S.C. §201, *et seq.* for unpaid overtime wages. This Court has jurisdiction over claims filed under the FLSA pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

### VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida.

## THE PARTIES

4. Plaintiff was, at all times relevant hereto, an "employee" of the Defendant as that term is defined by 29 U.S.C. § 203(e).

5. The Defendant was, at all times relevant hereto, Plaintiff's "employer" as that term is defined by 29 U.S.C. § 203(d).

6. Plaintiff has, at all times relevant to the violations of the FLSA, through the performance of his job duties, engaged in commerce as defined by 29 U.S.C. § 203(b).

7. Defendant is and was, at all times relevant hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s)(1).

8. Plaintiff has retained the law firm of Wilson McCoy, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## FACTUAL ALLEGATIONS

9. Defendant is a real estate investment management company.

10. Plaintiff had been employed by Defendant since approximately 2007.

11. During Plaintiff's employment with Defendant, Plaintiff worked for Defendant as a Maintenance Technician.

12. While working as a Maintenance Technician, some of Plaintiff's job duties included responding to maintenance calls from residents and providing general maintenance for the site.

13. At all times material hereto, Plaintiff was employed by Defendant as a Maintenance Technician fulfilling non-exempt work.

14. At all times material hereto, Defendant paid Plaintiff on an hourly basis.

15. At all times material hereto, Plaintiff earned $16.71 an hour. Therefore, Plaintiff's overtime rate was or should have been $25.07.

16. During his employment with Defendant as a Maintenance Technician, Plaintiff was scheduled to work 40 hours weekly.

17. During his employment with Defendant as a Maintenance Technician, Plaintiff was scheduled to work Monday through Friday 8:00 a.m. to 5:00 p.m.

18. In addition to his work hours, Plaintiff would be scheduled to be "on-call" on some nights and weekends.

19. While "on-call" at night or on the weekend, Plaintiff carried a beeper and/or cellphone in order to timely respond to maintenance calls.

20. While "on-call" at night or on the weekend, Plaintiff responded to maintenance calls in the evening or on the weekend.

21. At all times material hereto, Plaintiff submitted handwritten "on-call logs" to Defendant reflecting the hours worked each week.

22. Plaintiff routinely worked workweeks in excess of 40 hours in a week.

23. Plaintiff was compensated for some but not all overtime worked.

24. Plaintiff worked approximately 10 to 20 hours of unpaid overtime each week.

25. Plaintiff was informed by members of management of Defendant to leave early from his shift the second week of a bi-weekly pay period in order to avoid working over 80 hours bi-weekly.

26. The instruction described in paragraph 25 occurred from the commencement of Plaintiff's employment and until the appointment of Mr. Ariel Costales as Plaintiff's supervisor in late December 2013.

27. Most of Defendant's employees received the instruction of leaving early the second week of a bi-weekly pay period to avoid working over 80 hours bi-weekly.

28. At all times material hereto, Plaintiff's supervisors were aware of Plaintiff's overtime hours worked as they were the ones who scheduled Plaintiff to work on the weekends and knew Plaintiff was on call via the radio system during such time.

29. Defendant was aware of Plaintiff's overtime hours, as Defendant would instruct Plaintiff to leave work early the second week of a bi-weekly pay period to outbalance the previous week's overtime.

30. As a result, Plaintiff' work amounted to significant hours of unpaid overtime.

31. Under the provisions of the Fair Labor Standards Act ("FLSA"), employees are required to receive overtime wages at a rate of 1 and ½ times his normal hourly rate for hours they work in excess of forty during any particular workweek unless they qualify for an FLSA exemption.

32. This action arises from an ongoing willful failure to pay Plaintiff' overtime wages for his overtime hours worked.

33. Therefore, Defendant caused Plaintiff to work significant hours of unpaid overtime and did not compensate Plaintiff for hours worked in excess of 40 hours.

34. Defendant did not record or otherwise maintain records of the hours Plaintiff worked beyond the 40 hour workweek they were scheduled for.

35. Some of Plaintiff' overtime hours are corroborated by his co-workers and in some of his handwritten on-call logs, as well as in the amount of times his beeper was on and in use throughout the week and weekend.

36. Plaintiff alleges that Defendant knowingly and willfully violated the provisions of the FLSA by failing to pay him for all overtime hours worked with Defendant.

37. Defendant employs human resources personnel and legal counsel to ensure compliance with all applicable state and federal statutes, including the FLSA provision regarding payment of overtime wages.

38. Defendant knows or should have known that its former and current policies regarding payment of overtime wages as described herein violate the FLSA as they pertained to Plaintiff.

39. As an employer, Defendant is responsible for the illegal conduct and policies described herein related to the failure to comply with the provisions of the FLSA as applied to Plaintiff.

40. As a result of the actions of Defendant in not paying legally required overtime wages to Plaintiff, Plaintiff has suffered economic damages.

41. The actions of Defendant in deliberately failing to pay Plaintiff overtime wages was done for the purpose of enriching and benefitting Defendant.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

42. Plaintiff re-allege and incorporate herein the allegations contained in paragraphs 1 through 41, above.

43. Plaintiff, as Defendant's employees, was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet he was not compensated for all hours worked in excess of forty (40) at a rate not less than one and one-half times the regular rate at which he was employed.

45. Throughout the employment of Plaintiff, the Defendant has repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

46. At all times material hereto, Defendant failed to maintain proper/accurate time records as mandated by the FLSA.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 24 day of November 2015.

6

Respectfully submitted,

*[signature]*

Karina S. Xart
Florida Bar No. 0107121

Nathan McCoy, Esq.
Florida Bar No. 676101

WILSON MCCOY, P.A.
711 N. Orlando Ave, Suite 202
Maitland, Florida 32751
Telephone:    (407) 803-5400
Facsimile:    (407) 803-4617
E-Mail kxart@wilsonmmccoylaw.com

TRIAL COUNSEL for the Plaintiff