UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FERNANDO VERDEJO,

    Plaintiff,

v.                                   Case No: 6:15-cv-2015-Orl-22TBS

BERKSHIRE PROPERTY ADVISORS, LLC,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion for Leave to Conduct Deposition of Third Party Witness on June 30, 2017 (Doc. 60). Defendant has filed a response to the motion (Doc. 61), which is now ripe for decision.

Plaintiff worked as a maintenance technician at an apartment complex owned by Defendant (Doc. 40, ¶¶ 19, 24). He alleges that he routinely worked in excess of forty hours per week and that he was compensated for some, but not all of his overtime (Id., ¶¶ 49-50). Now, Plaintiff is suing Defendant for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Id., ¶¶ 1-190).[1]

On February 15, 2017, Defendant noticed the deposition of non-party Daniel Almeida to take place on March 29, 2017 (Doc. 60, ¶ 1). At deposition, Almeida stated that he and Plaintiff knew each other because they worked for Defendant at the same apartment complex (Doc. 62 at 1, 9, 11-14). Almeida also said he did not have any issues

---

[1] Plaintiff also alleged three state law claims against Defendant (Doc. 40). The Court declined to exercise supplemental jurisdiction over those claims and they were dismissed without prejudice (Doc. 45).

with his compensation (Id. at 19-22, 52). After defense counsel had finished questioning Almeida, counsel for Plaintiff asked the witness:

> Q     Did you ever talk to any attorney about not being paid all of your overtime at [Defendant]?
>
> A     No.
>
> Q     Did you ever talk to any attorney about any claim that you might have against [Defendant]?
>
> A     No.

(Id. at Page 53, Line 23 through Page 54, Line 3).

Plaintiff's counsel alleges that after the deposition, outside the court reporter's office, she spoke with Almeida who "specifically contradicted his earlier sworn testimony in his deposition by indicating he did in fact recall speaking to Plaintiff's Counsel about Defendant's failure to pay overtime." (Doc. 60, ¶ 8). Upon returning to her office, Plaintiff's attorney emailed defense counsel concerning Almeida's "potential perjury … and the need to depose Mr. Almeida on this specific issue." (Id., ¶ 9). Thus began a conversation that would continue into June 2017 (Doc. 60, ¶¶ 10-22). At least twice during this period, Defendant's attorney agreed that Plaintiff could re-depose Almeida and then later, rescinded his agreement (Id.).

On June 6, Plaintiff's attorney issued a subpoena commanding Almeida to appear for a second deposition on June 30 (Doc. 61, ¶ 12). Defendant's attorney first learned of this deposition on June 26, at which time he objected (Id., ¶¶ 12-13). The next day, Plaintiff filed the pending motion for leave to take the deposition (Doc. 60). In addition to its response in opposition to Plaintiff's motion, Defendant has filed a motion to quash the subpoena served on Almeida (Doc. 63). That motion has not been fully briefed.

Plaintiff argues that he should be permitted to take a second deposition because: (1) Plaintiff has not deposed Almeida; (2) Almeida's potential perjury is relevant; (3) Plaintiff intends to depose Almeida about new information not available before the first deposition; (4) a deposition is the only available method to obtain the information from Almeida; and (5) the burden is on Defendant to show good cause for a protective order precluding the taking of the deposition (Doc. 60 at 8-12).

Plaintiff contends that he has not deposed Almeida because he did not notice the first deposition (Id. at 8). Plaintiff fails to cite, and the Court is unaware of, any legal authority which supports this argument. Plaintiff's contention is also not true. His attorney attended the deposition and questioned Almeida (Doc. 62 at 53-64 and 71-76).

But, Plaintiff argues, he did not depose Almeida because, in keeping with F.R.E. 611(b), his attorney restricted her questioning to the subject matter of Defense counsel's examination (Id. at 8).[2] Of course, this argument confirms that Plaintiff deposed Almeida. Plaintiff's argument is also nonsensical because his sole reason for wanting to take a second deposition is to follow up on questions his attorney asked Almeida at the first deposition. Thus, if it mattered, the line of inquiry Plaintiff wishes to pursue must have been within the scope of Defense counsel's examination.

This brings the Court to F.R.E. 611(b) and the taking of depositions. "There is an important difference between cross-examination at trial and examination at a deposition.

---

[2] Federal Rule of Evidence 611(b) states:

> **(b) Scope of Cross-Examination**. Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into additional matters as if on direct examination.

At the trial, only matters within the scope of the direct examination may be gone into on cross-examination. At a deposition, however, the examiner may ask about anything relevant to the subject matter of the action, regardless of whether it was raised on direct examination." 8A Wright & Miller, FED. PRAC. & PROC. CIV. § 2113 (2017) (footnotes omitted); Smith v. Logansport Comm. Sch. Corp., No. S90-115-(AS), 139 F.R.D. 637, 641-42 (N.D. Ind. 1991). Thus, although FED. R. CIV. P. 30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence," "this provision … has no practical effect upon the scope of cross-examination during a deposition." 10A FED. PROC. L. ED. § 26:456.

Plaintiff argues that he should be permitted to re-depose Almeida because his "potential perjury would clearly be relevant to Mr. Almeida's credibility as a witness and would directly address the main issue in this case, Defendant's failure to pay Maintenance Technicians, including Plaintiff, their overtime." (Doc. 60 at 9). Assuming the testimony is relevant, the time to inquire was on March 29, 2017, when Almeida appeared for his deposition.

But, Plaintiff says, Almeida's possible perjury is new information that was unavailable when the first deposition took place. This is another illogical argument. According to the motion, after he was deposed, Almeida recalled "speaking to Plaintiff's Counsel about Defendant's failure to pay overtime." (Id., ¶ 8) (emphasis added). Thus, Plaintiff's attorney knew, before the deposition began, about all conversations she had had with Almeida. Why then, didn't she attempt to refresh Almeida's recollection during the deposition?

If Almeida and Plaintiff's counsel spoke in advance of the deposition and their conversation is relevant to the determination of this controversy, then Plaintiff's attorney is

now a fact witness in the case. This raises the question whether she can continue to represent Plaintiff? It also raises the question whether Almeida's conversation with Plaintiff's attorney is protected by the attorney-client privilege, since he was apparently asking about his legal rights.[3] By divulging the fact of the conversation, Plaintiff's counsel may have already violated the privilege. And, to the extent there is an attorney-client privilege, what business does Plaintiff's counsel have in attempting to invade it by re-deposing Almeida? The motion papers supply no information to answer these questions.

Because Almeida is not a party to the case, Plaintiff argues that a deposition is the only way to obtain information from him. This assumes that if contacted, Almeida will refuse to give a statement. It also misses the point that the time to ask about the conversation was at the first deposition.

Plaintiff also argues that Defendant must show good cause for a protective order to prevent the taking of the deposition. The Court has already explained why Plaintiff is not entitled to re-depose Almeida, and Defendant has not filed a motion for a protective order.

Although Plaintiff's counsel issued the subpoena to Almeida on June 6, she did not inform Defendant's attorney that the deposition had been set until June 26 (Doc. 63-3). This was a violation of Local Rule 3.02 which provides:

> Unless otherwise stipulated by all interested parties pursuant to Rule 29, Fed. R. Civ. P., and excepting the circumstances governed by Rule 30(a), Fed. R. Civ. P., a party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party).

For the foregoing reasons, Plaintiff's motion to re-depose Almeida is **DENIED**. The

---

[3] It is also possible that Plaintiff's counsel has ethical obligations to Almeida.

deposition of Almeida currently scheduled for June 30, 2017 is **CANCELLED**. Plaintiff's counsel shall immediately notify Almeida that he does not have to appear for another deposition. Based upon this ruling, Defendant's Motion to Quash Subpoena (Doc. 63), is **DENIED as moot**.

When there is a violation of the discovery rules or other abuse of the discovery process, FED. R. C. P. 37 provides for an award of attorney's fees and other legal expenses unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply in this case. Now, Defendant is awarded its reasonable attorney's fees and other legal expenses for defending the motion to re-depose Almeida and for moving to quash the subpoena served on Almeida. Counsel shall resolve the fee issue or else Defendant shall file its application for attorney's fees and costs within fourteen days from the rendition of this Order.

**DONE** and **ORDERED** in Orlando, Florida on June 28, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record